UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANGELO ANTHONY,

       Plaintiff,                                  No. 18-10064

v.                                              District Judge Laurie J. Michelson
                                                   Magistrate Judge R. Steven Whalen

K. SALISBURY, ET AL.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* prison inmate in this civil rights action brought under 42 U.S.C. §1983, has filed a motion for default judgment and for sanctions as to Defendants Kenneth Salisbury and Michele Forde [Doc. #23], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, I recommend that the motion be DENIED.

### I.  DISCUSSION

Under Fed.R.Civ.P. 55(b), a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. However, default judgment may not be entered against a defendant who has not been properly served with a summons and complaint under Fed.R.Civ.P. 4(c)-(h), since the Court would not have personal jurisdiction over such defendant.

On July 12, 2018, the Court ordered service by the United States Marshal [Doc. #7], and waivers of service were sent to Defendants Salisbury and Forde at the Gus Harrison Correctional Facility. The waivers were returned unexecuted, with the notations that Salisbury and Forde were no longer employed by the MDOC [Doc. #17 and #18].

These Defendants have not been properly served, and Plaintiff therefore has no basis to ask for a default judgment. Nor is there any basis for this Court to sanction Defendants who have not been served.

Moreover, in order for a Plaintiff to obtain a judgment by default, he must first request a Clerk's entry of default pursuant to Fed.R.Civ.P. 55(a). A default judgment is governed by Rule 55(b)(2). "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D.Mich.2000) (quoting *United States v. Topeka Livestock Auction, Inc.*, 392 F.Supp. 944, 950 (N.D.Ind.1975)). In *Vongrabe v. Sprint PCS*, 312 F.Supp.2d 1313, 1318 (S.D.Cal.2004), the court explained:

> "The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."

*See also Ramada Franchise Sys., Inc.*, 220 F.R.D. 303, 305 (N.D.Ohio 2004) (quoting Sys. Indus., Inc. v. Han, 105 F.R.D. 72, 74 (E.D.Penn.1985)) ("Entry of a default ... is a prerequisite to entry of a default judgment under Rule 55(b)."); *DeTore v. Local # 245 of the Jersey City Public Employees Union*, 511 F.Supp. 171, 176 (D.N.J.1981) ("However, no default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment.").

In this case, the Clerk has not entered a default under Rule 55(a). For this reason, apart from the fact that the Defendants have not been served, Plaintiff is not entitled to a default judgment under Rule 55(b).

## II. CONCLUSION

I recommend that Plaintiff's motion for default judgment and for sanctions as to Defendants Kenneth Salisbury and Michele Forde [Doc. #23] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: July 8, 2019

## CERTIFICATE OF SERVICE

      I hereby certify on July 8, 2019, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on July 8, 2019.

                                      s/Carolyn M. Ciesla
                                      Case Manager to
                                      Magistrate Judge R. Steven Whalen