UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEANGELO ANTHONY,<br><br>    Plaintiff,<br><br>v.<br><br>KENNETH SALISBURY et al.,<br><br>    Defendants. | Case No. 18-10064<br>Honorable Laurie J. Michelson<br>Magistrate Judge Kimberly G. Altman |

**ORDER ACCEPTING REPORT AND RECOMMENDATION [61] AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [57]**

Deangelo Anthony filed this pro se case under 42 U.S.C. § 1983 against Kenneth Salisbury, Ronald Nichols, Gayline Gibbs, Mental Health Services, Angela Holman, and Michele Forde, alleging that they retaliated against him and, among other things, removed him from his residential treatment program and transferred him to a higher security level in violation of the Eighth Amendment. Salisbury and Forde are the only remaining defendants. (*See* ECF No. 39.) Salisbury and Forde filed a motion for summary judgment on all claims against them. (ECF No. 57.) Before the Court is Magistrate Judge Altman's Report and Recommendation recommending Salisbury and Forde's motion be granted and the case be dismissed. (ECF NO. 61, PageID.550.)

At the conclusion of the October 6, 2021 Report and Recommendation, Magistrate Judge Altman notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil

Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 61, PageID.564.) Under Federal Rule of Civil Procedure 6(d), since Anthony was served via mail, three days are added to the objection period. And the prison mailbox rule also applies, so Anthony's objections would be considered filed when he delivered them to prison authorities for mailing. In all, waiting the 17-day objection period and allowing some time for the Court to receive objections that Anthony may have mailed, it has now been 30 days since the Report was served on the parties. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts the recommended disposition. (ECF No. 61.) It follows that Defendants' Motion for Summary Judgment (ECF No. 57) is GRANTED.

SO ORDERED.

Dated: November 8, 2021

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE